Citation Nr: 21049987
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 19-26 108A
DATE: August 13, 2021

ORDER

Service connection for a gastrointestinal disorder characterized by recurrent pain and diarrhea is granted.

REMANDED

Service connection for colon cancer, to include as secondary to gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

Service connection for colostomy, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

Service connection for episiotomy, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

Service connection for abdominal scars, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

FINDING OF FACT

It is at least as likely as not that a gastrointestinal disorder characterized by recurrent pain and diarrhea is a result of active duty service in Southeast Asia during the Gulf War.

CONCLUSION OF LAW

The criteria for a grant of service connection for a gastrointestinal disorder characterized by recurrent pain and diarrhea have been met. 38 U.S.C. §§ 1110, 1117, 1118, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.317.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran has active service from January 1985 to January 1989, from June 1989 to May 1990, from November 1990 to July 1991, and October 1995. He served on active duty at Camp Lejeune for at least nine weeks in 1985. He additionally served in combat in the Persian Gulf and his decorations include the Combat Action Ribbon. 

This matter is on appeal from an April 2016 rating decision. In June 2021, a hearing was held before the undersigned.

Service Connection

Service connection will be granted if the evidence demonstrates that a current disability resulted from an injury or disease incurred in or aggravated by active military service, even if the disability was initially diagnosed after service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303(a). Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease initially diagnosed after service when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Additionally, VA shall pay compensation to a Persian Gulf veteran who exhibits objective indications of chronic disability resulting from an illness or combination of illnesses manifested by one or more signs or symptoms such as those listed in § 3.317(b) (except as provided in § 3.317(c)), provided that such disability: (i) became manifest either during active military, naval, or air service in the Southwest Asia theater of operations during the Persian Gulf War, or to a degree of 10 percent or more not later than December 31, 2021; and (ii) by history, physical examination, and laboratory tests cannot be attributed to any known clinical diagnosis. 38 U.S.C. § 1117; 38 C.F.R. § 3.317.

Objective indications of chronic disability include both "signs," in the medical sense of objective evidence perceptible to an examining physician, and other, non-medical indicators that are capable of independent verification. 38 C.F.R. § 3.317(a)(3).

Disabilities that have existed for 6 months or more and disabilities that exhibit intermittent episodes of improvement and worsening over a 6-month period will be considered chronic. The 6-month period of chronicity will be measured from the earliest date on which the pertinent evidence establishes that the signs or symptoms of the disability first became manifest. 38 C.F.R. § 3.317(a).

Signs or symptoms which may be manifestations of undiagnosed illness include, but are not limited to: (1) fatigue; (2) signs or symptoms involving skin; (3) headache; (4) muscle pain; (5) joint pain; (6) neurologic signs or symptoms; (7) neuropsychological signs or symptoms; (8) signs or symptoms involving the respiratory system (upper or lower); (9) sleep disturbances; (10) gastrointestinal signs or symptoms; (11) cardiovascular signs or symptoms; (12) abnormal weight loss; and (13) menstrual disorders. 38 C.F.R. § 3.317(b).

In addition to certain chronic disabilities from undiagnosed illness, service connection may also be given for medically unexplained chronic multisymptom illness such as chronic fatigue syndrome, fibromyalgia, and functional gastrointestinal disorders (excluding structural gastrointestinal diseases) that is defined by a cluster of signs and symptoms, as well as for any diagnosed illness that the VA Secretary determines by regulation warrants a presumption of service connection. 38 C.F.R. § 3.317(a).

Functional gastrointestinal disorders are a group of conditions characterized by chronic or recurrent symptoms that are unexplained by any structural, endoscopic, laboratory, or other objective signs of injury or disease and may be related to any part of the gastrointestinal tract. 38 C.F.R. § 3.317(a)(2)(I)(B)(3) Note. Specific functional gastrointestinal disorders include, but are not limited to, irritable bowel syndrome, functional dyspepsia, functional vomiting, functional constipation, functional bloating, functional abdominal pain syndrome, and functional dysphagia. Id. These disorders are commonly characterized by symptoms including abdominal pain, substernal burning or pain, nausea, vomiting, altered bowel habits (including diarrhea, constipation), indigestion, bloating, postprandial fullness, and painful or difficult swallowing. Id. Diagnosis of specific functional gastrointestinal disorders is made in accordance with established medical principles, which generally require symptom onset at least 6 months prior to diagnosis and the presence of symptoms sufficient to diagnose the specific disorder at least 3 months prior to diagnosis. Id. 

1. Service connection for a gastrointestinal disorder characterized by recurrent pain and diarrhea

The Veteran has an undiagnosed gastrointestinal disorder characterized by recurrent pain and diarrhea. He argues that this disorder is the result of service in Southeast Asia during the Gulf War. Service treatment records indicate that the Veteran was "exposed to potentially hazardous material from burning oil wells" during Operation Desert Storm.

In the June 2021 hearing transcript, the Veteran states that he has experienced gastrointestinal pain since service. Consistent with this, a November 1989 service treatment record describes nausea. Further, in an April 1991 Report of Medical history, the Veteran indicates that he has had "hemorrhoids" and checks a box to indicate that he has experienced "[p]iles or rectal disease."

After service, the earliest documented reports of abdominal pain are in 1992 and 1996. See July 2019 VA medical opinion. 

In an October 2015 VA Gulf War opinion, the Veteran explains that he began to experience rectal pain and diarrhea in 2000. Those symptoms continued until his diagnosis for colon cancer in 2014. Consistent with this, a November 2019 private medical record (received 6/17/21, page 10 of 41) lists "stomach pain" as one of the Veteran's "past problems." The Veteran has not been diagnosed with any gastrointestinal disorder other than colon cancer and rectal fistula. A May 2019 VA medical record indicates "Erosive gastropathy." 

A July 2019 VA medical opinion addressing colon cancer is applicable to the Veteran's gastrointestinal claim. This opinion states that the documented complaints of abdominal pain in 1992 and 1996 "do not indicate a pattern of continued abdominal pain that would support a nexus" with the Veteran's colon cancer diagnosis in 2014. The examiner further notes that there was no cancer in the rectal fistula in 2001, but there was in 2014. If the Veteran's in-service abdominal complaints were the beginnings of colon cancer, the examiner posits that cancer would have been visible in 2001.

In sum, the Veteran served in the Southwest Asia theater of operations and has a gastrointestinal disorder without conclusive pathophysiology or etiology that has been manifest for more than six months. This disorder appears to have begun in service, giving the Veteran the benefit of the doubt in light of his hearing testimony and service treatment records. The medical evidence provides neither an etiology nor a diagnosis for the Veteran's pre-2014 abdominal pain and the July 2019 VA medical opinion specifically explains that this pain is not related to colon cancer. Service connection is warranted for a gastrointestinal disorder characterized by recurrent pain and diarrhea.

REASONS FOR REMAND

1. Service connection for colon cancer, to include as secondary to gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

For the colon cancer claim, a remand is needed to acquire addendum opinions. 

A July 2019 VA Gulf War examination concludes that the Veteran's colorectal cancer "is a disease with a clear and specific etiology," the diagnosis of which is less likely than not related to service in Southwest Asia. Rather, "colorectal cancer was due to poorly differentiated adenocarcinoma ...." Further, the "Veteran's symptoms of diarrhea and abdominal cramping are most likely due to his colorectal cancer and treatment with radiation therapy."

A July 2019 VA medical opinion concludes that the Veteran's colon cancer is less likely than not related to service. The rationale is that the documented complaints of abdominal pain in 1992 and 1996 "do not indicate a pattern of continued abdominal pain that would support a nexus" with the cancer diagnosis in 2014. The examiner further notes that there was no cancer in the rectal fistula in 2001, but there was in 2014. If the Veteran's in-service abdominal complaints were the beginnings of colon cancer, the examiner posits that cancer would have been visible in 2001. For these reasons, the examiner concludes that the Veteran's colorectal cancer is less likely than not related to service.

Neither opinion addresses the Veteran's June 2021 hearing testimony that he has experienced abdominal pain since service. The Gulf War opinion does not address whether it is at least as likely as not that the "poorly differentiated adenocarcinoma" underlying the Veteran's colon cancer was caused by exposure to contaminated water at Camp Lejeune or as a result of service in Southeast Asia. Finally, neither opinion addresses whether the Veteran's colon cancer was aggravated by his now service-connected gastrointestinal disorder characterized by recurrent pain and diarrhea. New opinions and examinations are required. 

2. Service connection for colostomy, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

3. Service connection for episiotomy, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

4. Service connection for abdominal scars, to include as secondary to colon cancer and gastrointestinal disorder characterized by recurrent pain and diarrhea, is remanded.

The Veteran's claims of service connection for colostomy, episiotomy, and abdominal scars are inextricably intertwined with the claims remanded for further development. Accordingly, they must be considered together, and thus a decision by the Board would at this point be premature. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision cannot be rendered unless both are adjudicated).

On remand the RO should obtain all relevant VA treatment records dated from November 2020 to the present before the issues on appeal are decided on the merits. Bell v. Derwinski, 2 Vet. App. 611 (1992).

The matters are REMANDED for the following action:

1. Obtain all VA treatment records from November 2020 to the present. If no records are available, the claims folder must indicate this fact. Any additional records identified by the Veteran during the course of the remand should also be obtained, following the receipt of any necessary authorizations from the Veteran, and associated with the claims file.

2. Notify the Veteran that he may submit lay statements from himself and from other individuals who have first-hand knowledge of the nature, extent and severity of his colon cancer, colostomy, episiotomy, and abdominal scars and the impact of these conditions on his ability to work. The Veteran should be provided an appropriate amount of time to submit this lay evidence.

3. After obtaining any additional records to the extent possible, provide an examination (or telehealth interview, review of the record, etc. if an in-person examination is not feasible) and obtain a medical opinion regarding the nature and etiology of any current or previously-diagnosed colon cancer, colostomy, episiotomy, and abdominal scars. The examiner should review the entire claims file, conduct all necessary tests and studies, and provide the requested opinions: 

(a.) Whether the Veteran has any current or previously-diagnosed colon cancer, colostomy, episiotomy, or abdominal scars. 

(b.) Whether it is at least as likely as not that any current or previously-diagnosed colon cancer, colostomy, episiotomy, or abdominal scars were incurred in the Veteran's service, including but not limited to exposure to contaminated drinking water at Camp Lejeune in 1985 or service in Southeast Asia during the Gulf War. 

(c.) Whether the Veteran has any current or previously-diagnosed colon cancer, colostomy, episiotomy, or abdominal scars that is proximately due to the Veteran's service-connected gastrointestinal disorder characterized by recurrent pain and diarrhea. 

(d.) Whether the Veteran has any current or previously-diagnosed colon cancer, colostomy, episiotomy, and abdominal scars that was aggravated by the Veteran's service-connected gastrointestinal disorder characterized by recurrent pain and diarrhea. 

With respect to the Persian Gulf aspect of this inquiry, the examiner 

(e) Please state whether the symptoms of each claimed condition are attributable to a known clinical diagnosis. If the Veteran does not now have, but previously had any such condition, when did that condition resolve?

(f) Is the Veteran's disability pattern consistent with: (1) a diagnosable but medically unexplained chronic multisymptom illness of unknown etiology, (2) a diagnosable chronic multisymptom illness with a partially explained etiology, or (3) a disease with a clear and specific etiology and diagnosis. 

(g) If, after examining the Veteran and reviewing the claims file, you determine that the Veteran's disability pattern is either (2) a diagnosable chronic multi-symptom illness with a partially explained etiology, or (3) a disease with a clear and specific etiology and diagnosis, then please provide an expert opinion as to whether it is related to a presumed environmental exposures experienced by the Veteran during service in Southwest Asia.

(h) Is it at least as likely as not that any diagnosed disorder had its onset directly during the Veteran's service or is otherwise causally related to any event or circumstance of his service, including environmental exposures during service in Southwest Asia during the Persian Gulf War?

(i) If not directly related to service on the basis of questions above, is any medical condition proximately due to, the result of, or caused by any service-connected disability(ies)? 

(j) If not caused by another medical condition, has any disorder been aggravated by any service-connected disability(ies), and in particular, his now service-connected gastrointestinal disability, chronic fatigue syndrome, obstructive sleep apnea, back and psychiatric disabilities? 

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Cannon, Brian

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.